People v Maldonado (2025 NY Slip Op 05312)

People v Maldonado

2025 NY Slip Op 05312

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Ind No. 73259/22|Appeal No. 4833|Case No. 2023-02035|

[*1]The People of the State of New York, Respondent,
v
Christopher Maldonado, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered April 4, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the mandatory surcharge and fees imposed on defendant at sentencing, and otherwise affirmed.
Defendant validly waived his right of appeal (see People v Nunez, 220 AD3d 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). The court's colloquy tracked the model colloquy endorsed by the Court of Appeals in People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). Additionally, defendant executed a written waiver, which he reviewed with counsel, that reiterated the court's explanation of the right of appeal (see People v Walker, 206 AD3d 541 [1st Dept 2022], lv denied 38 NY3d 1191 [2022]). Neither the execution of the written waiver at the beginning of the plea proceeding, nor the court's colloquy about the waiver after defendant's allocution, rendered the appeal waiver invalid (see People v Jessamy, 237 AD3d 619, 619 [1st Dept 2025], lv denied 43 NY3d 1046 [2025]).
Defendant's valid waiver forecloses review of his Second Amendment claim. In any event, defendant's claim that New York's ban on handgun possession by individuals under 21 years of age is also unpreserved because he failed to raise it in his motion to dismiss the indictment (see People v Maldonado, 230 AD3d 1069, 1070 [1st Dept 2024], lv denied 42 NY3d 1053 [2024]), and we decline to review it in the interest of justice.
Furthermore, defendant's valid waiver of his right to appeal forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
However, based on our interest of justice powers, we vacate the mandatory surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025